HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE VAZQUEZ,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

CASE NO. 2:26-cv-00683-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court *sua sponte* on review of Plaintiff Jose Vazquez's complaint, Dkt. # 3. Also pending before the Court are Mr. Vazquez's motion to appoint counsel, Dkt. # 4, motion for appointment of expert, Dkt. # 6, and motion for mediation, Dkt. # 9. The Court has reviewed the complaint, the motions, and the balance of the record. For the reasons set forth below, the Court **DISMISSES** the complaint with leave to amend and **DENIES** the pending motions.

## II.    BACKGROUND

Mr. Vazquez, proceeding *pro se*, brings this action against the United States of America. Dkt. # 3. Mr. Vazquez's claims appear to arise out of services provided by non-

ORDER – 1

party HealthPoint. *Id.* On February 27, 2026, Magistrate Judge Peterson granted Mr. Vazquez's application to proceed *in forma pauperis* but recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B). Dkt. # 2.

### III.  LEGAL STANDARD

When a litigant is proceeding *in forma pauperis*, courts may review the complaint and dismiss it if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts hold *pro se* plaintiffs to less stringent pleading standards and liberally construe a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When dismissing a complaint under § 1915(e), courts give *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### IV.  DISCUSSION

#### A.      § 1915 Review of Complaint

It is difficult to discern from the complaint the events giving rise to the complaint or the claims Mr. Vazquez seeks to assert. Mr. Vazquez completed a form "complaint for violation of civil rights" and form "complaint for a civil case." Dkt. 3 at 1, 9. For both forms, in the section titled "statement of claim," Mr. Vazquez stated "see attachment in the back" or "see attached documents." *Id.* at 6, 13.

ORDER – 2

The referenced attachment appears to be a guidance document, possibly generated by artificial intelligence, that explains various causes of action. For example, under the section heading "Computer Fraud and Abuse Act (CFAA) – 18 U.S.C. § 1030," it states in part: "If the issue of having the wrong person's information or scans in your file involves unauthorized access to your medical records, you may have a claim under the CFAA. This law covers situations where someone accesses a computer or digital information system without permission, which could include unauthorized access to your medical records." *Id.* at 15. Similarly, under the section heading "False Claims Act (FCA) – 31 U.S.C. § 3729 *et seq.*." it states in part: "If the incorrect information in your medical records led to improper billing, claims for services not rendered, or misrepresentation of your condition, the False Claims Act could potentially be relevant. The act is primarily used in situations where there's fraudulent billing or false claims for reimbursement under government programs like Medicare or Medicaid." *Id.*

After reviewing the complaint and attachment in their entirety, the Court finds that they contain very few, if any, specific facts about what happened to Mr. Vazquez to support any claim. Moreover, because the attachment mostly discusses possible claims that may be relevant, the Court cannot determine what claims Mr. Vazquez actually seeks to assert against the United States. For these reasons, the complaint fails to state a plausible claim for relief and must be dismissed.

Dismissal is with leave to amend to cure the deficiencies in the complaint. Any amended complaint should clearly identify the claims asserted and the factual basis for each claim. Failure to plead sufficient facts to state a claim for relief may result in final dismissal of this action under 28 U.S.C. § 1915(e)(2)(B) without further opportunity for amendment.

**B.      Motion to Appoint Counsel**

Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The decision to appoint counsel is within "the sound

ORDER – 3

discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)).  A finding of exceptional circumstances "requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court, in its discretion, denies Mr. Vazquez's request to appoint counsel.  Mr. Vazquez does not provide any compelling arguments or evidence that this case is likely to succeed on the merits.  As discussed above, the Court finds the complaint as drafted fails to state a viable claim for relief.  In addition, Mr. Vazquez has not shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims *pro se*.

**C.      Remaining Motions**

Mr. Vazquez also filed a motion for appointment of expert, Dkt. # 6, and motion for mediation, Dkt. # 9.  The Court finds the motions are premature at this early stage in the case, particularly in light of the dismissal of the complaint.  Accordingly, they are denied.

**V.   CONCLUSION**

For the forgoing reasons, the Court **DISMISSES** the complaint, Dkt. # 3, with leave to amend within 21 days of the date of this order.  Plaintiff's motion to appoint counsel, Dkt. # 4, motion for appointment of expert, Dkt. # 6, and motion for mediation, Dkt. # 9, are **DENIED**.

Dated this 22nd day of April, 2026.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4